UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONY ARMANDO GOVEA, | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00480 |
| v. | ) |
| STATE OF TENNESSEE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Tony Armando Govea, a pre-trial detainee in the custody of the Montgomery County Jail in Clarksville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the State of Tennessee and the District Attorney's Office. (Doc. No. 1). He also has filed a "Motion for Dismissal of All Charges." (Doc. No. 5).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. (2009), and <u>Bell Atlantic Corp. v.</u>

1

Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir.2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II.  Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that Plaintiff is a pre-trial detainee in the custody of the Montgomery County Jail. According to the complaint, Plaintiff was denied bail in state court "with no reason," there has been an unreasonable time delay "in indictment," and he has been denied the appointment of counsel. (Doc. No. 1 at 4). The complaint also alleges that he is being housed with convicted felons and this arrangement violates his constitutional rights because he has not been convicted of any crimes. As relief, he seeks personal recognizance bail and dismissal of the charges against him.

### IV. Analysis

The complaint names only two Defendants: the State of Tennessee and the District Attorney's Office in Clarksville, Tennessee. (Doc. No. 1 at 2). However, with respect to Plaintiff's claims against the State of Tennessee, the complaint lists the "Job or Title" of this Defendant as "Montgomery County Jail/Circuit Court." (*Id*.). Construing the pro se complaint liberally, the Court understands the complaint to assert claims against the State of Tennessee, the Montgomery County Jail, the Circuit Court in Clarksville, Tennessee, and the District Attorney's Office in Clarksville, Tennessee.

The Court will first consider the allegations of the complaint pertaining to the state court criminal charges pending against Plaintiff. According to the complaint, Plaintiff has been denied bail in state court for no reason, the indictment process is taking too long, and no attorney has been appointed for him. (Doc. No. 1 at 4). Through this federal civil rights action, he seeks his release from the Montgomery County Jail and the dismissal of the state charges against him. (Id. at 5). However, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may

come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. Heck, 512 U.S. at 489-90 (claim for damages is not cognizable); Preiser, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87; Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Plaintiff's requests for this Court to dismiss all state charges against him and to order his release on bail directly challenge his continued confinement. As demonstrated above, these requests are barred by Heck and its progeny. Plaintiff's concerns regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. Consequently, these claims will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate route.

Next, the complaint alleges that Plaintiff is being held in a cell with convicted prisoners and this practice violates his constitutional rights because has not been convicted of any crimes. Unlike Plaintiff's other claims, this claim is appropriate to raise in a federal civil rights complaint. Generally, confinement of pretrial detainees cannot be punitive because "under the Due Process

4

Clause, a detainee may not be punished prior to an adjudication of guilt...." Bell v. Wolfish, 441 U.S. 520, 535 (1979) (internal quotations omitted). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." Id. at 539. Because Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment's guarantee of due process, and not the Eighth Amendment's prohibition of cruel and unusual punishment. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir.1994).

"'[T]he placement of pretrial detainees in a county jail facility with convicted inmates does not violate the Eighth Amendment, without evidence demonstrating that a pretrial detainee was injured by the cell placement.'" Sherman v. Washington County Detention Ctr., No. 2:16-CV-27-TWP-MCLC, 2018 WL 1405279, at *3 (E.D. Tenn. Mar. 20, 2018) (quoting Brodak v. Nichols, No. 97-1688, 1998 WL 553032, at *2 (6th Cir. 1998)). See, e.g., Powell v. Sheriff, Fulton Cty., 511 F. App'x 957, 964 (11th Cir. 2013) (stating that pretrial detainees have "no constitutional right, much less a clearly established one, to be held in a particular cell or a separate area of a Jail and not be placed back in the general jail population"); Francis v. Johns, No. 5:11-CT-3005-FL, 2013 WL 1309285, at *6 (E.D. N.C. Mar. 28, 2013) ("As other courts have held, the practice of housing civil detainees with convicted inmates does not, by itself, violate a civil detainee's constitutional rights."). Further, "the overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have no due process right to be housed separately from sentenced inmates." Burciaga v. County of Lenawee, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000); see Collier v. Haywood County, No. 13-1324-JDT-egb, 2015 WL 1758075, at **7-8 (W.D. Tenn. Apr. 17, 2015) (finding that pretrial detainee's rights were not violated by being housed with convicted inmates where complaint did not allege that a jail employee was aware that any convicted inmate

5

presented a risk to plaintiff and consciously disregarded that risk, even where plaintiff was assaulted previously on two occasions by convicted inmates).

Although the instant complaint alleges that Plaintiff, as a pretrial detainee, should not be "exposed to punishing conditions with convicted criminals" (Doc. No. 1 at 5), the complaint does not allege that Plaintiff has suffered any harm as a result of being housed with convicted felons. Neither does the complaint allege that any of the named Defendants placed Plaintiff with convicted felons in an attempt to punish him or were aware that any convicted inmate presented a risk to Plaintiff and consciously disregarded that risk. Consequently, the Court finds that Plaintiff's placement in a cell with convicted prisoners at the Montgomery Country Jail under the circumstances described in the complaint does not state a claim under § 1983. These claims will be dismissed.

## V.     Motion to Dismiss All Charges

Plaintiff also has filed a motion to dismiss all state criminal charges against him. (Doc. No. 5). As the Court understands the pleadings, state criminal proceedings against Plaintiff are underway. To the extent that Plaintiff's motion asks the Court to intervene in pending state criminal proceedings against the Plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. Younger v. Harris, 401 U.S. 37, 46 (1971). Younger abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. Carroll v. City of Mount Clemens, 139 F.3d 1072, 1074 (6th Cir. 1998).

The Younger abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. 401 U.S. at 44. The doctrine is "designed to permit state courts to try state cases free from interference by federal courts, particularly where

the party to the federal case may fully litigate his claim before the state court." Zalman v. Armstrong, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Fieger v. Thomas, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support Younger abstention are present in this case. First, one or more state criminal prosecutions of Plaintiff appear to be underway. Second, there can be no doubt that state criminal proceedings implicate important state interests. See, e.g., Cooper v. Parrish, 203 F.3d 937, 954 (6th Cir. 2000). Third, while Plaintiff expresses dissatisfaction with the speed of the state court process and believes that the state court is violating his rights, Plaintiff does not allege that the state court has refused or would refuse to consider Plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which Plaintiff can raise any constitutional challenges. If Plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, Plaintiff may exercise his right to an appeal under Tennessee law. Plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the Younger doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," Huffman v. Pursue, Ltd., 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," Moore v. Sims, 442 U.S. 415, 424 (1979) (quoting Huffman, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." Kugler v. Helfant, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. Zalman v. Armstrong, 802

F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of Younger abstention, a plaintiff must do more than set forth mere allegations of bad faith or harassment. See Amanatullah v. Colorado Bd. of Med. Examiners, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir.1997)).

The burden on a plaintiff is high, and the allegations of the instant complaint do not suggest that any exception to the Younger doctrine is warranted in this case at this time. Plaintiff's motion (Doc. No. 5) will be denied.

## VI. Conclusion

For the reasons explained herein, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all of the named Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's claims regarding his continued confinement in state court will be dismissed without prejudice.

Plaintiff's motion to dismiss all charges (Doc. No. 5) will be denied.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE